**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

BRIAN ANDR'E WARREN,

    Petitioner,                                        Case No. 00-73560-DT

v.

ANDREW JACKSON,

    Respondent.
_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Before the court is Petitioner's *pro se* "Motion For Relief From Order Dated May 24, 2001," filed pursuant to Federal Rule of Civil Procedure 60(b)(5). For the reasons stated below, the court construes Petitioner's motion as a second or successive petition for habeas relief and will transfer the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

## I. BACKGROUND

Petitioner previously filed a petition for a writ of habeas corpus challenging his conviction in the Calhoun County Circuit Court for one count of first-degree felony murder,[1] two counts of first-degree criminal sexual conduct,[2] one count of assault and

---

[1] Mich. Comp. Laws § 750.316.

[2] Mich. Comp. Laws § 750.520b(1)(c).

battery,[3] one count of kidnapping,[4] and unlawfully driving away an automobile.[5] The first petition was denied on the merits by the court. *Warren v. Jackson,* No. 00-CV-73560-DT (E.D. Mich. May 24, 2001). The court also denied Petitioner a certificate of appealability. *Id.*

On February 19, 2003, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), which was construed as a second or successive habeas petition and transferred by the court on February 24, 2003 to the Sixth Circuit for a certificate of authorization pursuant to 28 U.S.C. § 2244(b)(3)(A). On March 25, 2003, Petitioner filed a motion for declaratory relief and injunctive relief, which was also construed as a second and successive petition for habeas relief and transferred to the Sixth Circuit pursuant to § 2244(b)(3)(A). The Sixth Circuit later dismissed the case for want of prosecution. *In Re Warren,* No. 03-1332 (6th Cir. July 23, 2003).

Petitioner subsequently filed a motion to void the habeas corpus petition for lack of subject matter jurisdiction. The court denied the motion. *Warren v. Jackson,* No. 00-CV-73560-DT (E.D. Mich. July 12, 2004).

Petitioner then filed a motion for a probable cause determination pursuant to 28 U.S.C. § 2249. This motion was likewise construed by the court as a second or successive habeas petition and was transferred to the Sixth Circuit for a certificate of

---

[3] Mich. Comp. Laws § 750.81.

[4] Mich. Comp. Laws § 750.349.

[5] Mich. Comp. Laws § 750.413.

authorization. *Warren v. Jackson,* No. 00-CV-73560-DT (E.D. Mich. December 23, 2004). Petitioner subsequently filed a motion to dismiss his convictions for lack of subject matter jurisdiction, which was construed as a second or successive petition and transferred to the Sixth Circuit. *Warren v. Jackson,* No. 00-CV-73560-DT (E.D. Mich. April 5, 2005). The Sixth Circuit denied Petitioner permission to file a second or successive habeas petition. *See In Re Warren,* No. 04-2569 (6th Cir. December 8, 2005).

Petitioner then filed a "Complaint for Writ of Deliverance," in which he sought release from custody pursuant to the All-Writs Act, 28 U.S.C. § 1651. This action was dismissed. *Warren v. Jackson,* No. 04-71233-DT (E.D. Mich. May 11, 2004) (Roberts, J.); *aff'd* 04-1829 (6th Cir. July 13, 2004).

Petitioner then filed another petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan, which was likewise transferred to the Sixth Circuit for authorization to file a second or successive petition. *Warren v. Michigan Parole Board,* No. 05-CV-72700-DT (E.D. Mich. July 15, 2005) (Battani, J.). The Sixth Circuit dismissed this case for want of prosecution. *See In Re Warren,* No. 05-2045 (6th Cir. October 17, 2005).

Petitioner then filed an "In Rem Complaint for Writ of Maritime Attachment Under the (U.C.C.) To Enforce Lien and Seize Owned Property by October 18, 2005," in which he again challenged his convictions. This action was construed as a second or successive petition for writ of habeas corpus and was also transferred to the Sixth Circuit for permission to file a second or successive petition for writ of habeas corpus. *Warren v. Michigan Dep't of Corrs.,* No. 05-CV-73723 (E.D. Mich. October 7, 2005)

(Edmunds, J.). The Sixth Circuit dismissed this case for want of prosecution. *See In Re Warren,* No. 05-2356 (6th Cir. December 1, 2005).

Petitioner subsequently filed a civil rights action pursuant to 42 U.S.C. § 1983, in which he sought monetary damages and injunctive relief from his criminal convictions. The complaint was construed as the functional equivalent of a second or successive habeas petition and was transferred to the Sixth Circuit for a certificate of authorization pursuant to § 2244(b)(3)(A). *Warren v. Miller, et al.,* No. 06-CV-14972 (E.D. Mich. December 6, 2006) (Borman, J.). The Sixth Circuit subsequently granted Petitioner's motion to voluntarily dismiss the matter. *In Re Warren,* No. 06-2575 (6th Cir. January 17, 2007).

Petitioner has now filed a motion for relief from an order pursuant to Federal Rule of Civil Procedure 60(b)(5), in which he claims that he is entitled to relief from this court's rejection of the sufficiency of evidence claim that he previously raised in his initial habeas petition on the ground that the first-degree home invasion conviction that served as the underlying predicate offense for his first-degree felony murder conviction has been set aside by the state courts.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D.

4

Mich. 1999).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be.  *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, Petitioner seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(5).  The United States Supreme Court has held that a Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b).  *See Gonzalez v. Crosby,* 545 U.S. 524, 530-31 (2005).  Therefore, a habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition."  *Id.* at 534.

Petitioner's motion for relief from judgment amounts to a second or successive habeas petition because the motion seeks to advance a claim that this court previously considered and dismissed on substantive, constitutional grounds.  *See Post v.*

5

*Bradshaw,* 422 F. 3d 419, 424-25 (6th Cir. 2005). Contrary to Petitioner's contention, his Rule 60(b) motion is not merely an attempt to rectify a defect in the habeas corpus proceedings, but it instead reasserts the substance of Petitioner's sufficiency of evidence claim and therefore constitutes an impermissible attack on this court's previous resolution of the claim on the merits. *See Henderson v. Collins,* 184 Fed. App'x 518, 523-24 (6th Cir. 2006). In other words, Petitioner's Rule 60(b) motion seeks the vindication of, or advances, his prior insufficiency of evidence claim because Petitioner is taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition. *Post,* 422 F. 3d at 424-25 (citing *Gonzalez,* 545 U.S. at 530-31). Because the Rule 60(b) motion qualifies as a second or successive habeas petition, Petitioner is required to obtain authorization from the Sixth Circuit before he can file a new habeas petition.

In the present case, Petitioner has previously filed a habeas petition with the federal courts. Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), Petitioner's prior habeas petition was dismissed on the merits. Petitioner's current Rule 60(b) motion is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for the court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

## III.  CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly,

IT IS ORDERED that the Clerk of the Court TRANSFER Petitioner's "Motion for Relief From Order Dated May 24, 2001" [Dkt. # 74] to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  July 19, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 19, 2007, by electronic and/or ordinary mail.

          s/Lisa G. Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522